UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| EVERICK B. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-078 |
| ) | |
| FREDERICK BURNETTE, Warden, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 6. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

### I. BACKGROUND

A Jenkins County jury convicted petitioner on one count of burglary on January 19, 1999, and the trial court sentenced petitioner to twenty years' imprisonment. Resp. Ex. 2. Petitioner appealed his convictions and sentences, which were affirmed by the Georgia Court of Appeals on May 22,

2002. <u>Lewis v. State</u>, No. A02A0715 (Ga. App. May 22, 2002) (unpublished). Petitioner filed a state habeas petition on April 28, 2003, but he was denied relief on October 17, 2005. Resp. Ex. 3. Respondent affirmatively contends that petitioner did not file a certificate for probable cause to appeal the denial of his state habeas petition. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on August 23, 2006. Doc. 1.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). A

conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief. Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner's conviction became final on June 3, 2002,[1] when the ten-day period for filing notice of intention to apply for certiorari to the Georgia Supreme Court expired. Ga. Sup. Ct. R. 38(1) (notice of intent to apply for certiorari must be filed with the Georgia Court of Appeals within 10 days of the date of the decision to be reviewed); Coates v. Byrd, 211 F.3d at 1226. At that point, the one-year limitations period under AEDPA began to run. Petitioner filed his state habeas petition on April 28, 2003, 329 days after his conviction became final. Petitioner's one-year limitations period was then tolled until November 16, 2005, the last date he could have filed a certificate of probable cause to appeal the denial of his state habeas petition. Having used 329 days of the one-year period, petitioner then had 36 days during which he could timely file a § 2254 petition. Thus, in order

---

[1] Petitioner's conviction became final on Monday June, 3, as the tenth day fell on a Saturday.

for his federal habeas petition to be timely, he must have filed his federal habeas petition by December 22, 2005. Petitioner filed the instant petition on August 23, 2006, 244 days after his one-year limitations period expired. Petitioner has not alleged any grounds for tolling of the limitations period. Consequently, petitioner's § 2254 petition is untimely and should be dismissed.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition should be DISMISSED.

SO REPORTED AND RECOMMENDED this 21st day of November, 2006.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**